UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESKA PRODUCE INTERNATIONAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>I5 FRESH PRODUCE, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03172-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Freska Produce International, LLC ("Freska") moves to dismiss its claims against Yahya Ahmed a/k/a Ahmed Yahya ("Ahmed") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Ahmed has not filed a response or opposition to Freska's motion. "The decision to grant a voluntary dismissal under Rule 41(a)(2) 'is addressed to the sound discretion of the District Court[,]'" *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) (quoting *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir. 1982)), and should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). As Ahmed has failed to respond, he has not identified any prejudice that would result from dismissal. Indeed, Ahmed has failed to participate in this litigation since filing his answer.

Further, dismissal without prejudice and without any conditions is appropriate in this case. When deciding whether to dismiss a case pursuant to Rule 41(a)(2) with or without prejudice, courts consider "(1) the defendant's effort and expense involved in preparing for trial; (2)

1  excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3)
2  insufficient explanation of the need to dismiss." *Fraley*, 2012 WL 893152, at *3. Here, all factors
3  weigh in favor of dismissal without prejudice, as Ahmed's failure to participate in this litigation
4  indicates he has not expended significant effort and expense in preparing for trial, there is no
5  allegation of delay on Freska's part, and Freska has provided a sufficient explanation of the need
6  to dismiss. Additionally, it is appropriate to dismiss Freska's claims against Ahmed without any
7  terms or conditions. *See Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal.
8  2005) (outlining similar factors when deciding whether to impose costs as a condition to dismissal
9  without prejudice).

For all the foregoing reasons, Freska's motion to dismiss pursuant to Rule 41(a)(2) is granted. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for March 31, 2022 is vacated.

**IT IS SO ORDERED**.

Dated: March 9, 2022

_____
RICHARD SEEBORG
Chief United States District Judge